**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*402 East State Street, Room 430*     *(609) 989-2190*
*Trenton, New Jersey 08608*            *FAX (609) 989-2275*


February 12, 2009

Thomas G. Frey, Esq.
32 Wernik Pl.
Metuchen, NJ  08840

CR 09-577(MLC)

      Re:     <u>Plea Agreement with Daniel Carlo</u>

Dear Mr. Frey:

      This letter sets forth the plea agreement between your client, Daniel Carlo, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will remain open until 4:00 pm, February 27, 2009. If an executed plea agreement is not received in this Office on or before that date, this plea agreement will expire.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Daniel Carlo to a one-count Information, which charges him with evasion of assessment of personal income taxes for the year 2005, in violation of 26 U.S.C. § 7201. If Daniel Carlo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Daniel Carlo for: (1) the conduct charged in the information pertaining to the 2005 tax year, and (2) the relevant conduct described in schedule A pertaining to the 2005 and 2006 tax years. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Daniel Carlo may be commenced against him, notwithstanding the expiration of the limitations period after Daniel Carlo signs the agreement.

Sentencing             $100,000 T+ 8/4/09  OC   *jm*

        The violation of 26 U.S.C. § 7201 to which Daniel Carlo agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense, as well as costs of prosecution. Fines imposed by the sentencing judge may be subject to the payment of interest.

        The sentence to be imposed upon Daniel Carlo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Daniel Carlo ultimately will receive.

        Further, in addition to imposing any other penalty on Daniel Carlo, the sentencing judge: (1) will order Daniel Carlo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Daniel Carlo, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (3) may order Daniel Carlo to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require Daniel Carlo to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Daniel Carlo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Daniel Carlo may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

        Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Daniel Carlo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Daniel Carlo's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Daniel Carlo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Daniel Carlo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Daniel Carlo waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Daniel Carlo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Daniel Carlo.

Prior to the date of sentencing, Daniel Carlo shall: (1) file accurate amended personal returns for calendar years 2005 and 2006; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes, penalties and interest owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.

Further, Daniel Carlo agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Daniel Carlo. With respect to disclosure of the criminal file to the Internal Revenue Service, Daniel Carlo waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Daniel Carlo's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Daniel Carlo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, Jr.
Acting United States Attorney

By: John J. Hoffman
Assistant United States Attorney

APPROVED:

Thomas J. Eicher
Attorney-in-Charge, Trenton

- 4 -

I have received this letter from my attorney, Thomas G. Frey, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____            Date: May 2009
Daniel M. Carlo

_____            Date: May 2009
Thomas G. Frey, Esq.

Plea Agreement With Daniel Carlo

Schedule A

1. This Office and Daniel Carlo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Daniel Carlo nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Daniel Carlo within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Daniel Carlo further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is § 2T1.1(a)(1).

3. For the years 2005 and 2006, the Tax Loss, including relevant conduct pursuant to U.S.S.G. § 1B1.3, is more than $80,000 and less than $200,000, resulting in a base offense level 16. U.S.S.G. § 2T4.1(F).

4. As of the date of this letter, Daniel Carlo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Daniel Carlo's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Daniel Carlo has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Daniel Carlo enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Daniel Carlo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Daniel Carlo will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Daniel Carlo is 13 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

8. Daniel Carlo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within

or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.